# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1116

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Corey Andrew Barr, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2012
Filed: June 18, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Corey Andrew Barr pleaded guilty to possessing a firearm after being convicted of domestic-violence offenses, 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The District Court[1] imposed an above-Guidelines-range sentence. Barr's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Barr has filed a pro-se supplemental brief in which he claims ineffective assistance of counsel and also challenges his sentence.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

In Barr's written plea agreement, he waived his right to appeal his sentence, directly or collaterally, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence.  Barr's ineffective-assistance claim is not barred by the appeal waiver, but we decline to consider it on direct appeal.  See United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007) ("We ordinarily defer ineffective assistance of counsel claims to 28 U.S.C. § 2255 proceedings.").  And we conclude that the appeal waiver is enforceable as to Barr's remaining challenges to his sentence.  See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (discussing enforcement of appeal waivers), cert. denied, 540 U.S. 997 (2003).  We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no nonfrivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____